# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY R. MOX,

        Petitioner,                       Case Number: 2:06-CV-15714

v.                                                  HONORABLE DENISE PAGE HOOD

THOMAS BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S
## MOTION FOR SUMMARY JUDGMENT

Petitioner Gregory Richard Mox has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, pursuant to convictions for two counts of first-degree murder and arson of a dwelling house. Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. Petitioner has filed a response to the Motion. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

## I.

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of the above offenses. On May 3, 1993, he was sentenced to life imprisonment without the possibility of parole for the murder convictions, and ten to twenty years for the arson conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions. People v. Mox, No. 166980 (Mich. Ct. App. May 23,

1995). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. People v. Mox, No. 103232 (Mich. March 26, 1996).

On January 4, 2005, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied on March 23, 2005. People v. Mox, No. 92-001186-FC (Macomb County Circuit Court March 23, 2005). Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Mox, No. 261954 (Mich. Ct. App. Oct. 20, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. People v. Mox, No. 130088 (Mich. Apr. 28, 2005). Petitioner then filed a petition for a writ of certiorari from this decision, which was denied on October 2, 2006. Mox v. Michigan, No. 06-5488 (2006).

Petitioner filed the pending petition for a writ of habeas corpus on December 19, 2006.[1]

**II.**

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

---

[1] Under the prison mailbox rule, a habeas petition is considered filed when it is given to a prison official for mailing. Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E. D. Mich. 2001). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas corpus petition to prison officials for mailing on the date that he signed it. See id.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on March 27, 1996, the day after the Michigan Supreme Court denied leave to appeal his conviction. Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on June 24, 1996. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. Id. at 285. Accordingly, the limitations period commenced on June 25, 1996. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by June 25, 1997, to comply with the one-year limitations period. Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However,

3

Petitioner's motion for relief from judgment was not filed until January 28, 2005, over seven years after the limitations period already had expired. Thus, the petition is untimely.

Petitioner argues that the petition is not untimely because, pursuant to 28 U.S.C. § 2244(b)(2)(B), the limitations period did not begin to run until the factual predicate of the claims presented could have been discovered through due diligence. However, Petitioner does not identify particular facts which could not have been identified earlier and which support his habeas claims. Instead, he argues that it took him an extended period of time to cull factual support for his habeas claims from the existing record because he is not a lawyer. However, a petitioner's ignorance of the law alone is not sufficient to delay commencement of the limitations period. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004). This is so even when the petitioner is acting *pro se* and is uneducated. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim that he was unlearned in the law will not serve to delay the running of the one-year limitations period.

Petitioner also claims that a state-created impediment prevent him from timely filing his petition. The impediment alleged by Petitioner is that he was denied due process of law by the state prosecutor's use and knowing reliance on perjured testimony. However, this allegation of trial misconduct fails to excuse the late filing of his habeas petition. Petitioner fails to show that he only recently discovered this claim or that the State somehow prevented him from discovering or presenting this claim. Therefore, this conclusory allegation does not impact or delay running of the limitations period.

### III.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-

4

year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

<pre>
                                    s/ DENISE PAGE HOOD
                                    DENISE PAGE HOOD
                                    UNITED STATES DISTRICT JUDGE
</pre>

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Gregory R. Mox, Reg. No. 231008, 4713 W M-61, Standish, MI 48658 on September 28, 2007, by electronic and/or ordinary mail.

<pre>
                                    S/William F. Lewis
                                    Case Manager
</pre>